IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

FILED
AUG 22 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

**CORLEONE CARTEL JAE**

Plaintiff(s)

Vs.

**CHEXSYSTEMS INC.,
EQUIFAX INFORMATION SERVICES L.L.C.,
EXPERIAN INFORMATION SOLUTIONS INC.,
TRS RECOVERY SERVICES INC.**

Defendant(s)

Case No. '17 CV 1683 JLS NLS

**COMPLIANT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT**

**JURY TRIAL DEMANDED**

## FEDERAL COMPLAINT

1. Comes Now the Plaintiff Corleone Jae Cartel brings this action and will show this Honorable Court as follows:

### I.

### PRELIMINARY STATEMENT

2. This Complaint seeks actual compensatory, stautory and/or puntive damages brought by an indvidual consumer ( hereinafter referred to as " Plaintiff") against Defendants, jointly and severally for violations of the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq* (hereinafter referred to as the "FCRA").

### II.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C.1331.

4. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III.

### PARTIES

5. Plaintiff is an adult individual who's address is in California

6. Defendant Chexsystems Inc., ("Chexsystems") is a business entity that regularly conducts business in California, and which has its headquarters and a principal place of business located at 1010 Dale St North, St. Paul, Minnesota 55117

7. Defendant Experian Information Solutions, Inc., ("Experian") is a business entity that regularly conducts business in California, and which has its headquarters and a principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Defendant Equifax Information Services LLC ("Equifax") is a business entity that regularly conducts business in California, and which has its headquarters and a principal place of business located at 1550 Peachtree Street Northeast, Atlanta, GA 30309.

9. Defendant TRS Recovery Services Inc., ("TRS Recovery") is a business entity that regularly conducts business in California, and which has its headquarters and a principal place of business located at 5251 Westheimer Rd, Houston, TX 77056.

## IV.

## FACTUAL ALLEGATIONS

*Defendant's practices regarding disputed accounts and trade-lines*

10. Defendants are regulated as "consumer reporting agencies" ("CRA") under the FCRA pursuant to 15 U.S.C. § 1681a(e).

11. Defendants sell millions of consumer reports (often called "credit reports" or "reports") per day, and also sell credit scores pursuant to 15 U.S.C. § 1681a(e).

12. Pursuant to 15 U.S.C. § 1681e(a) and 15 U.S.C. § 1681e(b) Defendants must follow procedures which assure that the reports they sell meet the standard of "maximum possible accuracy.

## V.

## CHEXSYTEMS INC

### *Allegations relating to Defendant Chexsystems Inc.*

13. Plaintiff complains of Chexsystems Inc. And provides to the Court a contention of claims showing that they are entitled to relief under the Federal Credit Reporting Act. Plaintiff's statements, and allegations provides claims to relief that is plausible on its face. And asserts conspicuously that Defendant Chexsystems Inc., violated statues of 15 U.S.C. § 1681 and for its actions, Plaintiff have suffered damages that are specified and asserted herein. The stated claims and contentions have facial plausibility and these particular pleadings provides factual content that allows the Court to draw reasonable inferences that Defendant Chexsystems Inc., is liable for the misconduct alleged.

### ALLEGATIONS:

14. Plaintiff contends that on September 07, 2015, September 24, 2015, October 17, 2015, November 02, 2015, December 15, 2015, February 17, 2016, and March 01, 2016 he disputed third parties consumer inquiries and addresses that were determined to not only be unauthorized but also inaccurate. And requested that Defendant provide a free copy of his annual consumer report pursuant to 15 U.S.C. § 1681e(b). In addition, at all times to prove his identity and proof of address, Plaintiff provided copies of his state identification card and social security card.

15. However, Defendant asserted that based upon the fact that Plaintiff had requested a security freeze on his account on or around October 2014, that his PIN would need to be provided before it could begin the reinvestigation. Defendant continuously refused to re-invesitgate the disputed addresses, unauthorized inquires and refused to provide Plaintiff copies of the dispute results and a copy of his Annual Consumer Report

16. Defendant Chexsystems Inc., violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of Plaintiff's consumer reports and consumer files and Defendant and its agents continuously

3

published and maintained said consumer reports and consumer files. Plaintiff also contends that Defendant at all times was aware that the disputed information was erroneous and inaccurate.

17. Furthermore, Defendant refused and failed to re-investigate the disputed inquiries and personal information under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). refuse to notify Plaintiff of the results of said dispute, and the methods of reinvestigations under 15 U.S.C. § 1681i(a)(7).

18. Moreover, Defendant violated the Fair Credit Reporting Act by refusing to provide Plaintiff a copy of his annual consumer report pursuant to 15 U.S.C. § 1681.

## VI.

## EQUIFAX INFORMATION SERVICES LLC

*Allegations relating to Defendant Equifax Information Services LLC*

19. Plaintiff complains of Equifax Information Services LLC. And provides to the Court a contention of claims showing that they are entitled to relief under the Federal Credit Reporting Act. Plaintiff's statements, and allegations provides claims to relief that is plausible on its face. And asserts conspicuously that Defendant Equifax Information Services LLC violated statues of 15 U.S.C. § 1681 and for its actions, Plaintiff has suffered damages that are specified and asserted herein. The stated claims and contentions have facial plausibility and these particular pleadings provides factual content that allows the Court to draw reasonable inferences that Defendant Equifax Information Services LLC is liable for the misconduct alleged.

## ALLEGATIONS:

**i. Credit Freeze**

20. Plaintiff contends that on May 24, 2017, June 29, 2017, July 08, 2017, July 28, 2017, he requested that his consumer report be frozen and blocked. In said correspondence Plaintiff provided a formal letter, a copy of his identification, social security card, identity theft report,

4

and proof of address. However, Defendant refused to blocked and secure Plaintiff's consumer report and asserted that the address Plaintiff provided "was not being reported on his credit report". However, Defendant continuously provided Plaintiff with copies of his disputes results and credit report updates at that same address on May 28, 2017, June 22, 2017, and July 02, 2017.

**ii. Navy Federal Credit Union:**

21. Plaintiff contends that on October 20, 2015, November 02, 2015, December 15, 2015, October 08, 2016, November 20, 2016, January 30, 2017, and May 02, 2017 he disputed the accuracy and validity of two accounts reported by Navy Federal Credit Union. Plaintiff contends that his dispute was centered around the fact that the balance of said accounts were erroneous based upon the fact that said accounts were allegedly secured by collateral.

22. However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account.

23. Moreover, Plaintiff requested that Defendant reaffirm its reinvestigation procedures by providing a detailed description of how the disputed accounts were re-investigated pursuant to 15 U.S.C. § 1681i(a)(7). However, again Defendant refused to provide said summary within fifteen days after receiving such request from Plaintiff.

**iii. Grand Furniture:**

24. Plaintiff contends that on October 20, 2015, November 02, 2015, December 15, 2015, October 08, 2016, November 20, 2016, January 30, 2017, and May 02, 2017 he disputed the accuracy and validity of an account reported by Grand Furniture. Plaintiff contends that at all times he disputed the validity of said account. .

25. However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C.

§ 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account (3). continuously reported the incorrect balance of the disputed account and (4). refused and failed to report said account as disputed.

26.     Moreover, Plaintiff requested that Defendant reaffirm its reinvestigation procedures by providing a detailed description of how the disputed accounts were re-investigated pursuant to 15 U.S.C. § 1681i(a)(7). However, again Defendant refused to provide said summary within fifteen days after receiving such request from Plaintiff.

## VII.

## EXPERIAN INFORMATION SOLUTIONS INC

*Allegations relating to Defendant Experian Information Solutions Inc.,*

27.     Plaintiff complains of Experian Information Solutions Inc. And provides to the Court a contention of claims showing that they are entitled to relief under the Federal Credit Reporting Act. Plaintiff's statements, and allegations provides claims to relief that is plausible on its face. And asserts conspicuously that Defendant Experian Information Solutions Inc., violated statues of 15 U.S.C. § 1681 and for its actions, Plaintiff has suffered damages that are specified and asserted herein. The stated claims and contentions have facial plausibility and these particular pleadings provides factual content that allows the Court to draw reasonable inferences that Defendant Experian Information Solutions Inc., is liable for the misconduct alleged.

## ALLEGATIONS:

**i. Navy Federal Credit Union:**

28.     Plaintiff contends that on August 22, 2015, October 20, 2015, May 04, 2016,, December 15, 2015, October 18, 2016, January 30, 2017, March 21, 2017, and May 02, 2017, he disputed the accuracy and validity an account reported by Navy Federal Credit Union. Plaintiff contends that his dispute was centered around the fact that the balance of said account was erroneous based upon the fact that said account was allegedly secured by collateral.

29. However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account (3). continuously reported the incorrect balance of the disputed account and (4). refused and failed to report said account as disputed.

30. Moreover, Plaintiff requested that Defendant reaffirm its reinvestigation procedures by providing a detailed description of how the disputed accounts were re-investigated pursuant to 15 U.S.C. § 1681i(a)(7). However, again Defendant refused to provide said summary within fifteen days after receiving such request from Plaintiff.

## VIII.

## TRS RECOVERY SERVICES INC.

### *Allegations relating to Defendant TRS Recovery Inc*

31. Plaintiff complains of TRS Recovery Services Inc. And provides to the Court a contention of claims showing that they are entitled to relief under the Federal Credit Reporting Act. Plaintiff's statements and allegations provides claims to relief that is plausible on its face. And asserts conspicuously that Defendant TRS Recovery Services Inc., violated statues of 15 U.S.C. § 1681 and for its actions, Plaintiff has suffered damages that are specified and asserted herein. The stated claims and contentions have facial plausibility and these particular pleadings provides factual content that allows the Court to draw reasonable inferences that Defendant TRS Recovery Services Inc., is liable for the misconduct alleged.

### ALLEGATIONS:

32. Plaintiff contends that on July 06, 2017, August 02, 2015, and October 17, 2015, he disputed the accuracy and validity an account reported by Bank@Lantec. Plaintiff contends that his dispute was centered around the fact that the reporting of said account was erroneous.

33. However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors

7

that Plaintiff was disputing the accuracy of said account (3). continuously reported the incorrect balance of the disputed account and (4). refused and failed to report said account as disputed within thirty days or forty-days of the disputes.

## VIOLATIONS

34. Defendants Chexsystems Inc., Equifax Information Services LLC, TRS Recovery Services Inc., and Experian Information Solutions Inc., were aware that it's actions would have a adverse effect on Plaintiff ability to obtain credit opportunities. And for such a material violation Plaintiff's "potential" and "current" creditors denied his credit applications due to the fact that the (1). alleged debts owed provided no updated information, (2). the balance was erroneous, and (3). Defendants failed to notified the potential creditors that the accounts were disputed. Plaintiff contends that if his consumer reports were absence of material violations of 15 U.S.C. §1681i(a), and 15 U.S.C. §1681i(a)(1) or at best if Defendants had notified any of the potential creditors that the alleged debts were disputed. It would not have prohibited, hinder, impeded, made difficult, and precluded, Plaintiff from pursuing additional credit opportunities.

35. Pursuant to 15 U.S.C. §1681i(a), Plaintiff contends that Chexsystems Inc., Equifax Information Services LLC, TRS Recovery Services Inc., and Experian Information Solutions Inc., have failed to implement and/or follow "reasonable procedures to assure the maximum possible accuracy" of the information they publish and continue to publish, in Plaintiff's September 2015, October 2015, November 2015, December 2015, May 2016, November 2016, January 2017, March 2017, and May 2017 credit reports.

Based upon Defendant's actions Plaintiff has suffered special damages, compensatory damages, actual damages. Plaintiff should be awarded punitive and such damages under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

36. Defendant's intentional, reckless, and willful violations of 15 U.S.C. § 1681i(a) has resulted in the negligent and intentional infliction of mental and emotional distress upon

8

Plaintiff proximately causing Plaintiff to suffer severe emotional distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

37.     Pursuant to 15 U.S.C. §1681i(a)(1), Plaintiff contends that Defendants Chexsystems Inc., Equifax Information Services LLC, TRS Recovery Services Inc., and Experian Information Solutions Inc., have failed to implement and/or follow "reasonable procedures designed to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which Defendants had received the notice of the dispute from Plaintiff as provided by 15 U.S.C. § 1681i(a)(1). Based upon Defendant's action Plaintiff has suffered special damages, compensatory damages, actual damages and should be awarded punitive and such damages under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

38.     Defendant's intentional, reckless, and willful violations of 15 U.S.C. § 1681i(a)(1), has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiffs, proximately causing him to suffer severe emotional distress, mental and physical pain, embarrassment, and humiliation which he will in the future continue to suffer.

39.     **WHEREFORE,** Plaintiff demands judgment for actual, statutory and punitive damage for all violations, based upon each and every dispute against Defendants and for any attorney fees and costs that may occurred. Plaintiff also demands prejudgment and post judgment interest at the judgment rate and such relief the Court deems just and proper.

Dated: August 16, 2017

                                              Respectfully Submitted,

                                              Jae Cartel
                                              PO Box 5105
                                              Santa Monica, CA 90402

757-346-1070
jaeccartel@gmail.com

jaeccartel@gmail.com

P.O. Box 5752
Williamsburg, VA 23188

TO:
U.S. District Court - Civil
333 W. Broadway #420
San Diego, CA 92101

Utility Mailer
10 1/2" x 16"

USPS TRACKING NUMBER
9500 1157 9941 7229 2949 92

